# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

DISPENSING SOLUTIONS, INC. a
Delaware Corporation; and
CORWIN PETTY, M.D.                                            PLAINTIFFS


v.                              Case No. 05-5142

W. RAY JOUETT, M.D., Director of the
Arkansas State Medical Board, in his
official capacity                                              DEFENDANT

## ORDER

Now on this 14th day of July, 2006, comes on for consideration **W. Ray Jouett's Motion to Dismiss (doc. #21)** and plaintiffs' **Motion Requesting a Hearing on Defendant's Motion to Dismiss (Doc. 27).** The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows with respect thereto:

1. Plaintiffs, Dispensing Solutions, Inc. and Corwin Petty, M.D., originally filed this action on August 12, 2005, and an Amended Complaint was filed on October 25, 2005.

The Amended Complaint (which will hereinafter be referred to as the "complaint") names as defendant, W. Ray Jouett, M.D., Director of the Arkansas State Medical Board (hereinafter called either "defendant" or "Jouett"), and asserts claims under 42

1

U.S.C. § 1983 challenging the constitutionality of Arkansas Code Annotated § 17-95-102(d).

In their complaint, plaintiffs assert that the Arkansas statute in question violates the Commerce Clause of the United States Constitution and the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution.[1]

2. Defendant filed his motion to dismiss on November 3, 2005, asserting several grounds as to why it should be granted and plaintiffs' complaint dismissed.

Plaintiffs have responded to the motion and deny that the complaint should be dismissed. They also recently filed a Motion Requesting a Hearing on Defendant's Motion to Dismiss (Doc. 27).

From its review of the pleadings, the Court does not believe that a hearing is necessary to a ruling on the motion to dismiss. Accordingly, plaintiffs' Motion Requesting a Hearing will be denied and the Court will proceed to address and decide the said motion to dismiss.

3. The statute in question, Arkansas Code Annotated § 17-95-102 (hereinafter called the "statute"), regulates the dispensing of "legend drugs" with respect to physicians licensed under the Arkansas Medical Practices Act, Ark. Code Ann. §§ 17-

---

[1]The complaint also asserts a supplemental state cause of action. However, the plaintiffs moved to dismiss that claim and an order to that effect was entered on November 30, 2005.

95-201 – 17-95-207, 17-95-301 – 17-95-305, and 17-95-401 – 17-95-411. Section (d) of the statute provides that

> [n]o physician licensed under the Arkansas Medical Practices Act . . . shall dispense legend drugs without prior approval by the Arkansas State Medical Board after application to the board and on the showing of need. . . .

4. Plaintiffs say that, prior to 1983, licensed physicians, dentists, and veterinarians could dispense prescription drugs under certain dispensing guidelines. Amended Complaint, p. 1. However, they state that, in 1983, the Arkansas legislature passed the statute at issue "which singled out physicians by prohibiting physicians from dispensing prescription drugs without the showing of need." Amended Complaint, p. 1-2.

Against that backdrop -- which is not disputed by defendant -- plaintiffs assert the following:

(a) Dispensing Solutions, Inc. ("Dispensing") argues that the statute violates the Commerce Clause in the United States Constitution. Dispensing, according to the complaint, is a corporation "holding a wholesale distribution license" through the Arkansas State Board of Pharmacy. Amended Complaint, p. 2. It "sells prepackaged prescription drugs to physicians and dentists throughout the country, including selling prescription drugs to dentists in Arkansas." Dispensing argues that the statute, prohibiting as it does the dispensing of drugs by

3

Arkansas physicians, "interferes with their right to engage in interstate commerce in that the burden on interstate commerce outweighs any legitimate state benefit produced by the statute." Amended Complaint, p. 2.

(b) Corwin Petty, M.D. ("Petty") says he is licensed by the Arkansas Medical Board to practice medicine in the State of Arkansas, and is the sole physician at the Champions Family Clinic located in Rogers, Arkansas. He asserts that he would, if allowed by Arkansas law, dispense prepackaged, prescription drugs to his patients. Petty seeks to offer this service to his patients because of his asserted belief that, by doing so, he can offer his patients the same prescription drug at a lower cost; can comply with all federal and state regulations regarding the dispensing of prescription drugs; and can better protect the privacy concerns of his patients. Amended Complaint, p. 2.

Petty says he filed an application with the Arkansas State Medical Board for approval to dispense prescription drugs which, it would appear pursuant to applicable statutes, required him to make a "showing of need" for such approval. Petty acknowledges that he withdrew his application prior to any action by the Board. He also acknowledges that he has the right to re-file his application, but would still bear the burden of proving need.

It is contended that if Petty were a dentist, veterinarian pharmacist, or a medical physician whose practice is focused on the oral cavities, he would be allowed under Arkansas law to dispense prescription drugs without any showing of need. Amended Complaint, p. 2-3.

Petty argues that the statute "discriminates against Arkansas physicians without a rational basis for said discrimination in violation of the equal protection clause of the Fifth and Fourteenth Amendment to the U.S. Constitution . . . ." Amended Complaint, p. 3.

5. In his motion and brief, defendant argues that plaintiffs' complaint should be dismissed for the reasons:

* that it is "barred by the principles of abstention";

* that Dispensing lacks standing to challenge the statute;

* that plaintiffs have failed to state facts to support a claim for violation of the Commerce Clause of the United States Constitution; and

* that plaintiffs have failed to state facts to support a claim for deprivation of equal protection under the United States Constitution.

Each of the defendant's arguments will be addressed in the order presented to the Court.

6. **Abstention** -- Defendant argues that this Court should abstain from review of this matter under the principles of abstention set forth by the United States Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), or Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941).

Generally, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction in proper cases. Colorado River, 424 U.S. at 817. "This exercise of jurisdiction is constrained, however, by traditional principles of equity, comity, and federalism." Alleghany Corp. v. McCartney, 896 F.2d 1138 (8th Cir. 1990). The United States Supreme Court has established several limited abstention doctrines to preserve such principles. Beavers v. Arkansas State Board of Dental Examiners, 151 F.3d 838, 840-41 (8th Cir. 1998). *See also* Younger, 401 U.S. 37; Colorado River, 424 U.S. 800; and, Pullman, 312 U.S. 496. The defendant argues that the abstention doctrines established in Younger, Colorado River, and Pullman each apply.

(a) First, the Court finds that neither the abstention doctrines of Younger nor Colorado River apply. Both abstention doctrines require an ongoing or parallel state proceeding. Younger, 401 U.S. 37; Colorado River, 424 U.S. 800. The defendant argues that the requirement is met because Petty *could*

1) apply for a decision of the Arkansas State Medical Board and then appeal an adverse decision under the Arkansas Administrative Procedures Act, Ark. Code Ann. § 25-15-212, or 2) seek a declaratory judgment. However, the *possibility* of a state proceeding does not satisfy the requirement.

In his complaint, Petty asserts that, although he had filed an application with the state, he withdrew it and it is not now pending. The Court is obliged to regard this allegation as true for purposes of ruling on a motion to dismiss. That being the case, the Court finds no merit in defendant's assertion that ". . .the state proceedings concerning Petty are ongoing, in that the Board has not yet conducted a hearing or rendered a decision on Petty's application for a dispensing permit, a decision which is reviewable by a circuit court and, ultimately, the Arkansas Supreme Court." Defendant's brief at page 6.

In **Alleghany v. McCartney**, **898 F.2 1138 (8th Cir. 1990)** -- a case relied upon by defendant -- the Eighth Circuit court panel discussed the holdings in **Younger** and also **Huffman v. Pursue, Ltd.**, **420 U.S. 592 (1975)** and did hold, as urged by defendant, that a plaintiff could not circumvent **Younger** by failing to exhaust his state *appellate* remedies. However, unlike defendant, the Court sees nothing in **Alleghany** holding that when nothing is pending in state court, a litigant may not seek relief

in federal court without first *initiating* a state proceeding and exhausting whatever remedy might be there available. In **Huffman** the Supreme Court noted its discussion of **Younger** in the case of **Steffel v. Thompson, 415 U.S. 452 (1974)** wherein it had stated that the relevant principles of equity, comity and federalism which undergirded the doctrine of abstention therein announced "have little force in the absence of a pending state proceeding." Thus, the Court believes that the requirement of an ongoing state proceeding is still viable in contexts of abstention inquiries under both **Younger** and **Colorado River**.

(b) Under the Pullman abstention doctrine, a federal court should "refrain from exercising jurisdiction when the case involves a potentially controlling issue of state law that is *unclear*, and the decision of this issue by the state courts could avoid or materially alter the need for a decision on federal constitutional grounds." Moe v. Brookings County, S.D., 659 F.2d 880, 883 (8th Cir. 1981)(emphasis added).

Defendant cites and relies on the case of **Beavers v. Arkansas State Bd. of Dental Exam'rs, 151 F.3d 838 (1998)** as being dispositive on the proposition that the Court should abstain under the **Pullman** abstention doctrine. There, Beavers brought a federal court action to contest the constitutionality of dental board regulations which limited his opportunity to

8

advertise. The regulations in question were made by a Board created by the Arkansas State Legislature pursuant to **Ark. Code Ann. Section 17-82-208(a)**. The District Court there abstained per the **Pullman** abstention doctrine finding, *inter alia*, that Arkansas State courts could rule on the matter on purely state statutory grounds and thereby avoid entirely the First Amendment issue. Its reasoning was that a state court ruling could be to the effect that the regulations in question were "onerous and excessive" and not authorized by the creating statute -- essentially what Beavers was claiming -- and thus obviate any federal constitutional question. The Eighth Circuit panel agreed and affirmed. In so doing, it set forth the factors to be properly considered under **Pullman**, viz:

* the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy;

* available state remedies;

* whether the challenged state law is unclear;

* whether the challenged state law is fairly susceptible to an interpretation that would avoid any federal constitutional question; and

* whether abstention will avoid unnecessary federal interference in state operations.

The appellate panel in **Beavers** noted that the "paradigm case for abstention" arises when the challenged state statute is susceptible of "a construction by the state courts that would avoid or modify the [federal] constitutional question" and went on to say:

> Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication . . . The doctrine . . . contemplates that deference to state court adjudication only be made where the issue of state law is uncertain. (Cites omitted.)

In light of the foregoing, the appellate court concluded the district court had correctly decided that the case was ". . . fairly subject to a determination <u>by the Arkansas courts that the Board exceeded its authority under Ark. Code Ann. Section 17-82-106, thereby obviating federal constitutional inquiry</u>." Id. 841 (emphasis added).

In **Beavers**, therefore, the central issue was whether rules and regulations made by a Board created by statute were in line with and/or authorized by the statute which created it. Thus, the Arkansas courts could have -- in a proper case -- ruled that they were not and thus avoid any constitutional issue. Such is not the case here.

10

Petty does not challenge some rule or regulation made by a Board created by the statute in question -- he challenges the statute, itself. His quarrel is that the *statute* requires him to seek prior approval of the Arkansas State Medical Board -- on a proper showing of need -- before he be allowed to dispense legend drugs. Unlike **Beavers**, it does not appear this case is "fairly subject" to a determination by the Arkansas courts that the Arkansas State Medical Board exceeded its authority under the statute in question. Petty is complaining about the Board apparently intending to do precisely what the statute requires of it. Here also unlike **Beavers**, there would appear to be no provisions of the Arkansas Administrative Procedure Act which would be applicable since here there are no "rules and regulations" being attacked.

The Court is not persuaded that **Beavers** requires this Court to abstain but, rather, in light of the criteria mentioned therein, concludes that it should not abstain per the **Pullman** abstention doctrine.

7. **Standing** -- Next, defendant argues that Dispensing lacks standing to challenge the statute.

In order to establish standing to challenge the statute, Dispensing must demonstrate the following:

* an injury in fact;

11

* a causal relationship between the injury and the challenged conduct; and,

* the likelihood that the injury will be redressed by a favorable decision.

Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla., 508 U.S. 656, 663 (1993).

Defendant challenges Dispensing's standing with respect to the first requirement -- injury in fact.

In order to prove "injury in fact", the injury must be "(a) concrete and particularized and (b) actual or imminent, not 'conjectural' or 'hypothetical'". Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)(citations omitted).

The defendant argues that Dispensing "is not regulated by the statute and nothing in the statute prohibits it from selling its product to anyone." Defendant's Brief, p. 12. However, "'in Commerce Clause jurisprudence, cognizable injury is not restricted to those members of the affected class against whom states or their political subdivisions ultimately discriminate.'" South Dakota Farm Bureau, Inc. v. Hazeltine, 340 F.3d 583, 592 (8th Cir. 2003)[quoting Houlton Citizens' Coalition v. Town of Houlton, 175 F.3d 178, 183 (1st Cir. 1999)].

In the complaint, Dispensing states that it sells prepackaged prescription drugs to doctors and/or dentists

throughout the country. It follows, therefore, that Dispensing sells prepackaged prescription drugs to dentists in Arkansas and, would, but for the Arkansas statute, sell the prepackaged prescription drugs to physicians in Arkansas. Dispensing thus argues that the challenged statute causes it economic damage because it denies it a "significant market to sell its product and services." Plaintiffs' Brief, p. 9.

The Court believes that Dispensing has alleged sufficient facts, for purposes of resisting a motion to dismiss, to meet its burden to prove injury in fact. <u>Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.</u>, 508 U.S. 656, 663 (1993); <u>South Dakota Farm Bureau, Inc. v. Hazeltine</u>, 340 F.3d 583, 592 (8th Cir. 2003). Accordingly, the Court rejects the "standing" challenge.

8. **Commerce Clause** -- The defendant also argues that Dispensing's Commerce Clause claim should be dismissed for failure to state a claim upon which relief can be granted.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint (or counts thereof) for failure to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), a district court "must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor

of the nonmoving party." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). Although dismissal for failure to state a claim can only be granted when it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief, "dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young, 244 F.3d at 627.

With the foregoing in mind, the Court now turns to a discussion of the Commerce Clause issue. The United States Congress has the power "to regulate Commerce with foreign Nations, and among the several States." U.S. Const., Art. I, § 8, cl. 3. "The Supreme Court has long held that this grant of power to Congress contains negative implications that restrict states' power to regulate interstate commerce." Oehrleins v. Hennepin County, 115 F.3d 1372, 1383 (8th Cir. 1997)(citing CTS Corp. v. Dynamics Corp. of America, 481 U.S. 69, 87 (1987)). To analyze a state or local law under the "dormant Commerce Clause," a two-step inquiry must be performed.

First, if a state law *discriminates* against interstate commerce "in favor of local business or investment," it is "per se invalid, save a narrow class of cases in which the

municipality can demonstrate, under rigorous scrutiny, that it has no other means to advance a legitimate local interest." C & A Carbone, Inc. v. Town of Clarkstown, 511 U.S. 383, 392 (1994).

Second, "if a state law does not overtly discriminate against interstate commerce, it may nonetheless be contrary to the Commerce Clause if it unduly burdens interstate commerce." Oehrleins v. Hennepin County, 115 F.3d at 1383. Such a non-discriminatory state law is subject to a less rigorous balancing test. According to Pike v. Bruce Church, Inc., such a law "will be upheld unless the burden imposed on . . . commerce is clearly excessive in relation to the putative local benefits." 397 U.S. 137, 142 (1970).

It is clear that the Arkansas statute does *not* directly or overtly discriminate against interstate commerce. However, the plaintiffs argue that the statute imposes a burden on interstate commerce that is "clearly excessive in relation to the putative local benefits."

Defendant disputes this contention and points to the legitimate interests the state has in regulating the dispensing of prescription drugs by physicians. Defendant's Brief, p. 16. The defendant argues that:

15

\*   the state has a legitimate interest in regulating legend drugs and controlled substances dispensed by physicians;

\*   the statute's central purpose is to protect citizens from physicians who may over-prescribe legend drugs or controlled substances or elect to dispense a more costly drug when a less expensive and equally effective drug is available; and,

\*   the statute takes the personal profit of a physician out of the equation.
Defendant's Brief, p. 16-17.

In response, plaintiffs argue that the stated purposes are not legitimate and point to the following as evidence of the excessive burden on interstate commerce:

\*   that Arkansas is one of only a few states that prohibit medical physicians from dispensing prescription drugs;

\*   that limiting the number of outlets for prescription drugs decreases competition and thereby increases already often-unaffordable prescription drugs;

\*  that the higher costs of prescription drugs resulting in part from lack of competition burdens the Medicaid and Medicare programs and thus all taxpayers;

\*   that the higher costs affects the health insurance costs of both employers and employees; and,

\*       that prohibiting the dispensing of prescription drugs by a medical physician results in the loss of patient privacy in that a patient is forced to go to his local pharmacy to fill a prescription rather than having it filled in his doctor's office. Defendants' Brief, p. 11-13.

Notwithstanding plaintiffs' above stated points, the Court sees nothing to indicate that plaintiffs can prove a set of facts under which any indirect impact on interstate commerce would exceed the obvious state interests. Accordingly, the Court concludes that the portion of plaintiffs' complaint asserting a violation of the Commerce Clause should be dismissed and it will so order.

9. **Equal Protection** -- Finally, the defendant argues that Petty's Equal Protection claim should be dismissed for failure to state a claim upon which relief can be granted.

Petty's Equal Protection claim stems from his argument that the Arkansas statute imposes a different requirement upon physicians than dentists or veterinarians -- thus denying physicians the equal protection of the law provided under the Fifth and Fourteenth Amendments to the United States Constitution.

"The Supreme Court has explained that 'if a law neither burdens a fundamental right nor targets a suspect class, we will

uphold the legislative classification so long as it bears a rational relation to some legitimate end.'" Weiler v. Purkett, 137 F.3d 1047 (8th Cir. 1998)(quoting Romer v. Evans, 517 U.S. 620, 631 (1996)). Clearly, there is no allegation that Petty is a member of a protected class or that the classification of which he complains burdens a fundamental right. Therefore, the appropriate standard for review of Petty's equal protection claims is rational basis review.

"To state an equal protection claim, [Petty] must . . . [establish] that he was treated differently from others similarly situated to him." Johnson v. City of Minneapolis, 152 F.3d 859, 862 (8th Cir. 1998). While Petty argues that he, as a physician, is similarly situated to others able to prescribe legend drugs – i.e., dentists and veterinarians, the defendant argues that physicians are not so similarly situated. The defendant further argues possible reasons for the disparity in treatment for physicians versus dentists and/or veterinarians.

Considering the parties' arguments, the Court finds that Petty has sufficiently set forth the necessary facts to state a claim for equal protection under the Fifth and Fourteenth Amendments to the United States Constitution. Therefore, the defendant's motion to dismiss will be denied with respect to Petty's equal protection claim.

10. Based on the foregoing, **W. Ray Jouett's Motion to Dismiss (doc. #21)** is **granted in part and denied in part.**

IT IS, THEREFORE, ORDERED that **W. Ray Jouett's Motion to Dismiss (doc. #21)** is **granted in part and denied in part,** as follows:

*   the motion is **granted with respect to Plaintiff Dispensing Solutions, Inc.'s Commerce Clause Claim and Dispensing Solutions, Inc. is dismissed as a plaintiff to this action.**
*   the motion is **denied with respect to Plaintiff Corwin Petty's Equal Protection Claim.**

IT IS, ALSO, ORDERED that plaintiffs' **Motion Requesting a Hearing on Defendant's Motion to Dismiss (Doc. 27)** is **denied.**

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
UNITED STATES DISTRICT JUDGE
